IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

CENDANT MORTGAGE CORPORATION,

       Plaintiff,

Vs.                                No. 05-4068-SAC

MARY CLEMMER and
JAMES B. CLEMMER, et al.

       Defendants.


MEMORANDUM AND ORDER

      This case comes before the court on plaintiff's motion to dismiss or in the alternative for remand.  When defendants, acting pro se, failed to respond to this motion, the court ordered them to show cause on or before September 22, 2005, why the motion should not be considered and decided as an uncontested motion pursuant to D. Kan. Rule 7.4. Thereafter, defendants filed pleadings on September 22 and September 30, 2005.

      Defendants' pleadings neither show the court why defendants

did not timely respond to plaintiff's motion to dismiss, nor seek leave to file their responses out of time.  Instead, defendants' pleadings attempt solely to respond to the merits of plaintiff's motion to dismiss or remand. Because defendants failed to file a timely response to the plaintiff's motion, plaintiff's motion shall be considered as uncontested.[1]

The memorandum in support of plaintiff's motion, and the exhibits attached thereto, show the court that this case began as a state court foreclosure matter and has moved to the eviction stage.  Plaintiff served the foreclosure petition on defendants on June 10, 2004, over a year before defendants filed notice of removal on June 15, 2005.  Dk. 2-2, Exh. E; Dk. 1.  Plaintiff contends that defendants' removal is untimely and fails to state a basis for federal jurisdiction.

**Timeliness of Removal**

The statute governing the timeliness of removal provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting

---

[1]The court notes that even if it had considered defendants' responses to have been timely filed, the result would be no different.

forth the claim for relief upon which such action or proceeding is
based...

28 U.S.C. 1446(b).

This 30-day time requirement for removal is mandatory.  *See
Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 702 (1972).
Because defendants received the initial pleading in the state court case
more than thirty days before defendants filed the notice of removal, *see* Dk.
2, Exhs. A and E (returns of service), the removal is untimely and
procedurally defective, even assuming that this case is otherwise
removable.

**Removal Jurisdiction**

This is a court of limited jurisdiction and must refrain from
exercising jurisdiction unless certain that such jurisdiction has been
granted by Congress.  *See Adams v. Reliance Standard Life Ins. Co.*, 225
F.3d 1179, 1182 (10th Cir.2000) ("In light of the limited subject matter
jurisdiction granted to the federal courts by Congress, we have a duty to
satisfy ourselves that jurisdiction is appropriate."). The removing defendant
carries the burden of demonstrating that removal was proper and that the

federal court has original jurisdiction.  *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).  Federal removal jurisdiction is statutory in nature, and the governing statutes are to be strictly construed.  *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108-09 (1941). It is well-settled that the presumption is "against removal jurisdiction." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001) (citation omitted). Doubtful cases must be resolved in favor of remand.  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995).  A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

Defendants' notice of removal states that it is brought "under 28 U.S.C. § 1441(b)," which governs federal question jurisdiction.  Dk. 1. The notice of removal appears to allege violations of the 5th  Amendment takings clause, denial of due process of law, and mail fraud, among other

4

matters.[2]  The notice of removal additionally appears to assert jurisdiction based on diversity of citizenship in alleging that the land at issue in the foreclosure case is owned by the "Krigs Group Pembina Nation Little Shell Band of North American Indians."  Dk. 1, p. 14 and following.

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  When the assertion of removal jurisdiction is based on federal question, the court generally relies on the "well-pleaded complaint rule," that is, an action arises under federal law "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (citation omitted).  In determining whether a "federal question" exists to justify removal jurisdiction, a court must look solely at the plaintiff's complaint rather than to any subsequent pleading or the notice for removal.  *Mountain Fuel Supply Co. v. Johnson*, 586 F.2d 1375, 1380 (10th Cir. 1978), *cert.*

---

[2]Defendants additionally assert that they are "common law citizens of the Republic of Kansas" and not "14th Amendment federal citizens who are subject to the jurisdiction of the United States."  Dk. 9, p. 28-29.

*denied*, 441 U.S. 952 (1979).

Plaintiff's petition, filed in state court, reflects that the action is solely for a mortgage foreclosure.  Dk. 2, Exh. D.  The petition contains no question arising under federal law.  Removal cannot be predicated on allegations contained in defendants' notice of removal or subsequent documents.  Cases originally brought in state court may not be removed to federal court even if a federal defense is anticipated in the plaintiff's complaint, and "even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc.*, 482 U.S. at 393.

Defendants' attempt to establish diversity jurisdiction by adding an Indian tribe as a party[3] also fails because an Indian tribe is not a citizen of any state within the meaning of 28 U.S.C. § 1332, and may not be sued in federal court under the court's diversity jurisdiction.  *Gaines v. Ski Apache*, 8 F.3d 726, 729 (10th Cir. 1993), citing *Standing Rock Sioux Indian Tribe v. Dorgan*, 505 F.2d 1135, 1140 (8th Cir. 1974);

---

[3]The court shall refrain from discussing the impropriety of adding a party to the case at this late date in the proceedings.

*Oneida Indian Nation v. Oneida County*, 464 F.2d 916, 922-23 (2d Cir. 1972), *rev'd on other grounds*, 414 U.S. 661 (1974).   Defendants have thus pled no facts that satisfy the complete diversity or amount in controversy requirements of 28 U.S.C. § 1332 nor presented a federal question on the face of plaintiff's pleading as required by 28 U.S.C. § 1331.

Even if diversity jurisdiction had been established, removal would violate the prohibition of 28 U.S.C. § 1446(b) against removing a diversity case more than one year after it was commenced, and would violate the proscription of 28 U.S.C. 1441(b) against removing a case in which a defendant is a citizen of the state in which the action is brought. *See Richardson v. Malone,* 762 F. Supp. 1463, 1466 (N.D. Okl. 1991) ("A Native American residing within the borders of a state is a citizen of that state.")

Accordingly, this case must be remanded.  Because this court lacks jurisdiction over the case, it will not consider plaintiff's motion to dismiss the case on the merits.

7

IT IS THEREFORE ORDERED that this case is remanded, and the Clerk of the Court is directed to mail certified copies of this order of remand to the Clerk of the District Court in Saline County, Kansas.

Dated this 5th day of October, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge